UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| LARRY GARNER<br>LINDA M. GARNER | 05-04669-8-ATS |
|     DEBTORS | |
| | |
| GREAT PLAINS TRANSPORTATION<br>SERVICES, INC. | ADVERSARY PROCEEDING NO.<br><br>S-O5-00258-8-AP |
|     Plaintiff | |
|     v. | |
| LARRY GARNER and<br>LINDA M. GARNER | |
|     Defendants. | |

**ORDER REGARDING MOTION FOR DEFAULT JUDGMENT**

The matter before the court is the plaintiff's motion for default judgment. A telephonic hearing was conducted on January 9, 2006.

Larry Garner and Linda M. Garner filed a petition for relief under chapter 13 of the Bankruptcy Code on June 15, 2005. On September 2, 2005, Great Plains Transportation Services, Inc. filed a complaint against the debtors objecting to their discharge and the dischargeability of debts pursuant to 11 U.S.C. §§ 727 and 523(a)(2).[1] The debtors were served on September 8, 2005, and no responsive pleading was filed. The plaintiff now seeks entry of default and default judgment.

Procedurally, entry of default and default judgment are appropriate; however, even where judgment is obtained by default, a

---

[1] Paragraph 5 of the complaint alleges that the cause of action arises under 11 U.S.C. § 523(a)(2)(A) and (B) and 11 U.S.C. § 727; however, the delineated claims for relief within the complaint all arise under § 523(a)(2).

plaintiff may only be awarded the relief to which it is legally entitled.  This is a case under chapter 13 of the Bankruptcy Code. Section 523(a)(2) does not apply in chapter 13 cases filed prior to October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  See 11 U.S.C. § 1328(a). Similarly, § 727 does not apply in chapter 13 cases.  Accordingly, even if the facts alleged in the complaint are established due to the debtors' default, the plaintiff is not entitled to have its debts excepted from discharge under § 523(a)(2), nor does § 727 operate to deny the debtors their discharge.

Based on the foregoing, the court concludes that the plaintiff has a claim against the debtors in the amount of $25,230.96.  The court also concludes that the plaintiff is not entitled to a judgment determining that the debt is nondischargeable in this chapter 13 case or a judgment that the debtors' discharge should be denied pursuant to § 727 of the Bankruptcy Code.

**SO ORDERED.**

DATED:  January 13, 2006

A. Thomas Small
United States Bankruptcy Judge